IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS WACO DIVISION

| | |
|---|---|
| LAIXION NETWORK TECHNOLOGY LTD., ) <br> ) <br> PLAINTIFF, ) <br> ) <br> v. ) <br> ) <br> META PLATFORMS INC.; INSTAGRAM LLC, ) <br> ) <br> DEFENDANTS ) | Case No. 6:24-cv-148 <br><br> **JURY TRIAL** <br><br> **DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Laixion Network Technology Ltd. ("Laixion"), by and through its attorneys, brings this Complaint for patent infringement against Defendants, Meta Platforms, Inc. f/k/a Facebook, Inc. ("Meta") and Instagram LLC ("Instagram"), and alleges as follows:

## NATURE OF THIS ACTION

1. This is a patent infringement action brought by Laixion against Meta and Instagram based on Meta and Instagram's ongoing willful infringement of U.S. Patent No. 11,516,520 (the '520 patent) ("Asserted Patent") arising under the Patent Laws of the United States, 35 U.S.C. § 1 et seq.

2. Defendants Meta and Instagram have infringed and continued to infringe, directly and indirectly, one or more claims of the Asserted Patent under 35 U.S.C. § 271, by making, using, selling, offering for sale, and/or importing at least the social media website facebook.com and instagram.com, the Facebook and Instagram applications for mobile and other devices, and

1

devices running the Facebook or Instagram applications (collectively, "the Accused Products") throughout the United States including this District.

3.  Defendants have been and are acting in concert, and are otherwise liable jointly, severally, or otherwise for relief related to or arising out of the same transaction, occurrence, or series of transactions or occurrences related to the making, using, selling, offering for sale, or otherwise distributing the Accused Products in this District. In addition, this action involves questions of law and fact that are common to both Defendants.

4.  Laixion seeks appropriate damages, injunctive relief, prejudgment interest, and post-judgment interest under 35 U.S.C. §§ 271, 281, 283-285 for Meta's and Instagram's infringement.

## PARTIES

5.  Plaintiff, Laixion Network Technology Ltd., is a foreign corporation with a principal place of business in Taipei City, Taiwan.

6.  Upon information and belief, Defendant Meta Platforms Inc., is a Delaware Corporation with a principal place of business in Menlo Park, California. Meta maintains offices in Austin, Texas.

7.  Upon information and belief, Defendant Instagram LLC is a Delaware limited liability company. Instagram is a wholly owned subsidiary of Meta.

## JURISDICTION AND VENUE

8.  This is an action for patent infringement arising under the United States patent statutes, 35 U.S.C. § 1 et. seq.

9. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Defendants for at least the following reasons: (1) Defendants have committed acts of patent infringement in this District and in Texas; (2) Defendants engage in other persistent courses of conduct and derives substantial revenue from products and/or services provided to individuals in this District and in Texas; and (3) Defendants have purposefully established systematic and continuous contacts with this District and should reasonably expect to be brought into this Court.

11. By way of example, Meta is subject to personal jurisdiction in this District and in Texas because it has a regular and established place of business at its offices in this District, including Meta offices located in Austin, Texas, and elsewhere in Texas. The Meta Austin location is its fourth-largest office, and Meta employs more than 1,200 people in Austin. The Travis County Appraisal District website indicates that Meta owns property in this judicial district appraised at a total of $78,501,188 at the following address: 300 West 6th Street 1000, Austin, Texas 78701; 11601 Alterra Parkway 1000, Austin, Texas 78758; and 607 West 3rd Street 1400, Austin, Texas 78703.

12. This Court has personal jurisdiction over Instagram, in part because Instagram does continuous and systematic business in this District, including by providing Accused Products and services to residents of this District that Instagram knew would be used within this District, and by soliciting business from residents of this District.

13. Instagram is a wholly owned subsidiary of Meta. Meta does not separately report revenue from Instagram in its filings to the Securities Exchange Commission, but rather reports combined revenue from its various products including Facebook and Instagram. Market analysis

indicates that Facebook and Instagram and their respective products are viewed in the market as an integrated package with each of the products benefiting from substantial network effects.

14. On information and belief, Meta not only "owns" but also "operates" Instagram, including the cooperative development, improvement, and support of Instagram's services. Instagram's Data Policy describes "the information [Instagram] process[es] to support Facebook, Instagram, Messenger, and other products and features offered by Meta Platforms, Inc." On further information and belief, Meta and Instagram have endeavored to integrate their products from a technical standpoint.

15. Venue is proper in this District under 28 U.S.C. § 1391(c)(3) or § 1400(b). because a substantial part of the events or omissions giving rise to the claims occurred in this District, and because Defendants have committed acts of infringement in this District and have a regular and established place of business in this District.

## FACTUAL BACKGROUND

16. Laixion Network Technology Ltd. is a technology company specializing in network technologies with particular expertise in the area of information sharing via social media.

17. Upon information and belief, Defendants operate and market the social media website facebook.com and instagram.com, the Facebook and Instagram applications for mobile and other devices, and devices running the Facebook or Instagram applications throughout the United States including this District.

18. Laixion became aware that a number of Defendants' Accused Products appear to practice the technologies claimed by Laixion's '520 patent.

19. By way of example, on October 20, 2021, after the publication of the Asserted Patent, Defendants launched a feature called "Collabs" within their product, the instagram.com. It is a type of content-sharing method first disclosed in the '520 patent. The Collabs feature enables users to collaboratively create content, including Feed post and Reels (short-form videos). Users have the capability to invite others to contribute, and both collaborators are credited in the final post. In the Defendant's product announcement, it stated that sharing content with this new feature will include: (i) both collaborator's names appearing on the header; (ii) content shared with both sets of followers; (iii) live visibility on both profile grids; (iv) shared view, likes, and comments.

20. On September 11, 2023, Laixion, by and through its attorney, notified Defendants of the '520 patent and its relevance to the Accused Products by emails, and by USPS registered mails on September 18, 2023, to the following individuals: (i) Mark Zuckerberg (CEO of Meta); (ii) Jennifer Newstead (CLO of Meta); (iii) Adam Mosseri (CEO of Instagram); (iv) Jeana Bisnar Maute (Director & Associate General Counsel of Instagram). The emails and letters included a copy of the '520 patent and a claim chart, with a request for a response within 14 days.

21. Upon information and belief, Defendants received Laixion's letters and the accompanying '520 patent and the claim chart by or on September 25, 2023.

22. Despite Laixion's efforts to reach the Defendants, Laixion did not received any response from Defendants.

23. Again, Laixion, by and through its attorney, made a second attempt to notify Defendants of the '520 patent and its relevance to the Accused Products by way of a letter dated on December 7, 2023 sent by emails on December 29, 2024 and by USPS registered mails to (i) Mark Zuckerberg (CEO of Meta); (ii) Jennifer Newstead (CLO of Meta); (iii) Adam Mosseri

(CEO of Instagram); (iv) Jeana Bisnar Maute (Director & Associate General Counsel of Instagram). The letters also included the '520 patent and a claim chart, with a request for a response within 14 days from the receipt of the letters.

24. Upon information and belief, Defendants received Laixion's letter and accompanying Asserted Patent on January 2, 2024.

25. To date, Laixion has yet to receive any response from Defendants.

26. In light of the Defendant's lack of response to Laixion's request for discussion and the Defendant's continued infringement by the Accused Products, including but not limited to "Collabs" feature, Laixion brings this action against the Defendants to seek just remedies for the Defendants' past and ongoing infringement of the '520 patent.

## The Asserted Patent

27. U.S. Patent No. 11,516,520 (the "Asserted Patent") entitled "Data Sharing System, Share List Processing Method, And Non-Transitory Machine-Readable Medium For Data Sharing" was duly and legally issued to Laixion by the United States Patent and Trademark Office ("USPTO") on November 29, 2022, from the Patent Application No. 17/033,230 filed on September 25, 2020 with a foreign priority date of September 25, 2019 and published on March 25, 2021. A true and correct copy of the Asserted Patent is attached as Exhibit A.

28. Laixion is the lawful owner of the Asserted Patent and holds all rights, title and interest in and to that patent with the full and exclusive right to bring suit to enforce the Asserted Patent.

29. The Asserted Patent is valid and enforceable under the United States Patent Laws.

## COUNT I

## (INFRINGEMENT OF U.S. PATENT NO. 11,516,520)

30. Laixion re-alleges and incorporates by reference all of the foregoing paragraphs.

31. Defendants have infringed and continue to infringe, directly and indirectly, either literally or under the doctrine of equivalents, one or more claims, including at least claims 13, 14, and 15, of the Asserted Patent in violation of 35 U.S.C. § 271, et seq., including without limitation subsections 271(a), (b), (c), and/or (f), by (1) making, using, selling, offering for sale, and/or importing in this District and into the United States, without authority or license, certain products including, but not limited to those relating to the Accused Products; (2) inducing and/or contributing to others' infringement.

32. By way of example, Laixion's claim chart (Exhibit B) shows that Defendants' "Collabs" feature clearly reads on each and every element of at least claims 13, 14, and 15 of the Asserted Patent.

33. The Accused Products implement the Collabs feature which enables users to collaboratively create content, including Feed post and Reels (short-form videos). Users have the capability to invite others to contribute, and both collaborators are credited in the final post. In the Defendant's product announcement, it stated that sharing content with this new feature will include: (i) both collaborator's names appearing on the header; (ii) content shared with both sets of followers; (iii) live visibility on both profile grids; (iv) shared view, likes, and comments.

34. As a direct and proximate cause of the direct infringement, inducement to infringe and contributory infringement by Defendants, Laixion is being and will continue to be substantially and irreparably harmed in its business and property rights unless Defendants are enjoined from making, using, selling, offering to sell, and/or importing the Accused Products in

the United States. In addition, Laixion is suffering injury for which it is entitled to monetary relief as a result of Defendants' direct and indirect infringement.

35. Plaintiff reserves the right to modify its infringement theories as discovery progresses in this case; it shall not be estopped for infringement contentions or claim construction purposes by the claim charts that it provides with this Complaint. The Exemplary Claim Chart (Exhibit B) is intended to satisfy the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure. It does not represent Plaintiff's preliminary or final infringement contentions or preliminary or final claim construction positions. The claim chart provides details on an element-by-element basis Defendants' infringement of claims 13, 14, and 15 of the '520 Patent.

36. Upon information and belief, Defendants had actual knowledge of the '520 Patent at least as of their receipt of Laixion's September 11, 2023 letter by or on September 25, 2023, if not sooner, for example, Defendants may have become aware of the Asserted patent after its publication on March 25, 2021, or issuance on November 29, 2022.

37. Upon information and belief, after gaining knowledge of the '520 Patent and the accused infringement, Defendants continued to make, use, sell, offer for sale and/or import the Accused Products with willful blindness.

38. Defendants have willfully infringed and continue to willfully infringe the Asserted Patent.

**PRAYER FOR RELIEF**

WHEREFORE, Laixion respectfully requests that this Court enter a Judgment and Order:

(a) Declaring that the Asserted Patent is valid and enforceable;

(b) Declaring that Defendants have infringed and continue to infringe, either literally or under the doctrine of equivalents, at least one valid and enforceable claim of the Asserted Patent under 35 U.S.C. §271(a);

(c) Declaring that Defendants have induced and continue to induce the infringement of at least one valid and enforceable claim of the Asserted Patent under 35 U.S.C. §271(b);

(d) Declaring that Defendants have contributed and continue to contribute to the infringement of at least one valid and enforceable claim of the Asserted Patent under 35 U.S.C. §271(c);

(e) Declaring that Defendants' infringement is willful and Laixion is entitled to treble damages under 35 U.S.C. §284 for past infringement;

(f) Awarding Laixion damages adequate to compensate for Defendants' infringement, and in no event less than a reasonable royalty for past infringement;

(g) Awarding Laixion any applicable prejudgment and post-judgment interest;

(h) Permanently enjoining Defendants, its officers, agents, servants, and employees and those persons in active concert or participation with any of them from making, importing, offering to sell, selling, or using within the United States the Accused Products;

(i) Declaring that this is an exceptional case under 35 U.S.C. §285 and awarding Laixion its attorney's fees, costs, and expenses, based in part on, but not limited to, Defendants' willful infringement; and

(j) Granting Laixion such other and further relief at law or in equity as this Court deems just and proper.

**JURY DEMAND**

Laixion requests that all claims and causes of action raised in this Complaint against Meta and Instagram be tried to a jury to the fullest extent possible.

DATED: March 22, 2024

/s/ Matthew Lee, Esq. (I.D# 24095891)
Matthew Lee, ESQ.,
matt@leenaughton.com
Lee & Naughton, PLLC
1310 Rayford Park Rd. Suite 308
Spring, Texas 77386
T: (713) 417-4258

Of Counsel:

Huan-Yi Lin (*Pro Hac Vice* To Be Filed)
huanyi.lin@lexnovia.com
LexNovia, PC
4521 Wellfleet Dr.
Huntington Beach, CA 92649
T: (213) 618-2358

Attorneys for Plaintiff Laixion