# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| LAIXION NETWORK TECHNOLOGY LTD., <br><br> Plaintiff, <br><br> v. <br><br> META PLATFORMS, INC.; INSTAGRAM LLC, <br><br> Defendants. | CASE NO. 6:24-CV-00148-JKP <br><br> JURY TRIAL DEMANDED |

## META PLATFORMS, INC. AND INSTAGRAM LLC'S ANSWER AND COUNTERCLAIM TO LAIXION'S FIRST AMENDED COMPLAINT

Meta Platforms, Inc. ("Meta") and Instagram LLC ("Instagram") (collectively, "Defendants"), hereby responds to the First Amended Complaint ("FAC") filed on May 31, 2024 by Laixion Network Technology Ltd. ("Laixion" or "Plaintiff"). Each of the paragraphs below corresponds to the same numbered paragraphs in the FAC. Defendants deny each and every allegation contained in Laixion's FAC, including those stated or implied by headings, except as expressly admitted below.

## NATURE OF THIS ACTION[1]

1. Defendants admit that the FAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, but deny that they have committed any act of infringement. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 1 of the FAC.

---

[1] Defendants' reproduction of the headings set forth in the FAC below is solely for the purpose of convenience; it is not, and should not be construed as, an admission by Defendants that any allegation or other statement in the headings or paragraphs of the FAC, whether explicit or implied, is true, correct, or admitted by Defendants.

2. Denied.

3. Denied.

4. Denied.

## PARTIES

5. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the FAC and, on that basis, deny them.

6. Defendants admit that Meta is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California. Defendants admit that Meta maintains offices in Austin, Texas. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 6 of the FAC.

7. Defendants admit that Instagram is a Delaware limited liability company. Defendants admit that Instagram is a wholly-owned subsidiary of Meta Platforms, Inc. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 7 of the FAC.

## JURISDICTION AND VENUE

8. Defendants admit that the FAC purports to be a patent infringement action arising under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 8 of the FAC.

9. Defendants admit that the FAC purports to state claims over which the Court would have subject matter jurisdiction generally under 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 9 of the FAC.

10. Defendants do not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Defendants deny that this venue is convenient or in the interest of justice. Defendants deny that they have committed any acts of infringement in this District or

anywhere in the United States. The remaining allegations of Paragraph 10 of the FAC contain legal conclusions to which no response is required. Except as expressly admitted herein, Defendants deny any remaining allegations set forth in Paragraph 10 of the FAC.

11. Defendants admit that Meta has offices in various locations in the United States, including in Austin, Texas. Defendants admit that Meta has employed more than 1,200 people in Austin as of the date of the FAC. Defendants admit that the Travis County Appraisal District website indicates that Meta owns or owned property at 300 West 6th Street 1000, Austin, Texas 78701; 11601 Alterra Parkway 1000, Austin, Texas 78758; and 607 West 3rd Street 1400, Austin, Texas 78703. Meta does not object to this Court's exercise of personal jurisdiction over it for the purposes of this action only, but Meta denies that this venue is convenient or in the interest of justice. The remaining allegations of Paragraph 11 of the FAC contain legal conclusions to which no response is required. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 11 of the FAC.

12. Instagram expressly denies it has committed any act of infringement in Texas or anywhere in the United States. Instagram admits that it offers products and services that are used by residents in this District. The remaining allegations of Paragraph 12 of the FAC contains legal conclusions to which no response is required. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 12 of the FAC.

13. Defendants admit that Instagram is a wholly-owned subsidiary of Meta. Defendants admit that Meta does not separately report revenue from Instagram in its filings to the Securities Exchange Commission. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 of the FAC and, on that basis, deny them.

14. Defendants admit that they operate and own Instagram. Defendants admit that Instagram's January 4, 2022 Data Policy includes the following sentence: "This policy describes the information we process to support Facebook, Instagram, Messenger and other products and features offered by Meta Platforms, Inc. (Meta Products or Products)." Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 14 of the FAC.

15. Defendants expressly deny they have committed any act of infringement in Texas or anywhere in the United States. Defendants deny that they have committed any acts giving rise to this action. Defendants admit that Meta maintains offices in this District. Defendants do not object to that venue is proper as to Meta in this District under 28 U.S.C. § 1391(c)(3) or § 1400(b), but Defendants deny that this venue is convenient or in the interest of justice. Paragraph 15 of the FAC contains legal conclusions to which no response is required. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 15 of the FAC.

## FACTUAL BACKGROUND

16. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the FAC and, on that basis, deny them.

17. Defendants admit that they conduct business through the www.facebook.com and www.instagram.com websites as well as through the Facebook and Instagram applications. Defendants admit that these websites and applications are made available throughout the United States, including in this District, but deny that these products and/or services infringe any valid and enforceable claim of U.S. Patent No. 11,516,520 ("the '520 patent"). Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 17 of the FAC.

18. Denied.

19. Defendants admit that in October 2021, Instagram launched a feature called

"Collabs." Defendants deny that Instagram Collabs practices any method claimed in the '520 patent. Defendants admit that at the time of launch, the Collabs feature allowed users to co-author Feed Posts and Reels. Defendants further admit that the Collabs feature also allowed a user to invite a collaborator to the user's Feed Post and Reels, and if the collaborator accepted, they would be shown as an author at the top of the post, the content would be shared to their Profile Grid and to their followers in Feed, and both user and collaborator would be able to view shared feedback and comments. Defendants deny that the Collabs feature infringes any valid and enforceable claim of the '520 patent. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 19 of the FAC.

20. Defendants admit that they received a letter from Laixion through Huan-Yi Lin of Lexnovia PC, dated September 11, 2023, that referenced the '520 patent, included a copy of the '520 patent and a purported claim chart, and requested a response within 14 days. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 20 of the FAC and, on that basis, deny them.

21. Defendants admit that they received the letter referenced in Paragraph 20 above. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 21 of the FAC.

22. Defendants admit that Meta did not send a letter to Laixion in response to the letter referenced in Paragraph 20 above. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 22 of the FAC and, on that basis, deny them.

23. Defendants admit that they received a second letter from Laixion through Huan-Yi Lin of Lexnovia PC, dated September 11, 2023, that referenced the '520 patent, included a copy

of the '520 patent and a purported claim chart, and requested a response within 14 days. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 23 of the FAC and, on that basis, deny them.

24. Defendants admit that they received the letter referenced in Paragraph 23 above. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 24 of the FAC.

25. Defendants admit that Meta did not send a letter to Laixion in response to the letters referenced in Paragraphs 20 and 23 above. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 25 of the FAC and, on that basis, deny them.

26. Denied.

### The Asserted Patent

27. Defendants admit that Exhibit A to the FAC is a document that appears to be the '520 patent. Defendants admit that the '520 patent, on its face, is titled "Data sharing system, share list processing method, and non-transitory machine-readable medium for data sharing," issued on November 29, 2022, and names Yang Lee as inventor. Defendants admit that the '520 patent, on its face, discloses that it issued from Patent Application No. 17/033,230, filed on September 25, 2020. Defendants further admit that the '520 patent, on its face, lists a prior publication date of March 25, 2021, and a foreign application priority date of September 25, 2019. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 27 of the FAC and, on that basis, deny them. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 27 of the FAC.

28. Defendants lack knowledge or information sufficient to form a belief about the truth

of the allegations in Paragraph 28 of the FAC and, on that basis, deny them.

29. Denied.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 11,516,520)

30. Defendants restate their responses above as if fully set forth herein.

31. Denied.

32. Denied.

33. Defendants admit that at the time of launch, the Collabs feature allowed users to co-author Feed Posts and Reels. Defendants further admit that the Collabs feature also allowed a user to invite a collaborator to the user's Feed Post and Reels, and if the collaborator accepted, they would be shown as an author at the top of the post, the content would be shared to their Profile Grid and to their followers in Feed, and both user and collaborator would be able to view shared feedback and comments. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 33 of the FAC.

34. Denied.

35. Defendants deny that the Collabs feature infringes any valid and enforceable claim of the '520 patent. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 35 of the FAC and, on that basis, deny them.

36. Defendants deny that they received a copy of Laixion's September 11, 2023 letter, referenced in Paragraph 21 above, by or on September 25, 2023 and deny that they had actual knowledge of the by or on September 25, 2023. Except as expressly admitted, Defendants deny any remaining allegations in Paragraph 36 of the FAC.

37. Denied.

38. Denied.

## RESPONSE TO LAIXION'S PRAYER FOR RELIEF

Defendants incorporates by reference all preceding paragraphs of this Answer as if fully set forth herein. Defendants deny all allegations of patent infringement as alleged in the FAC and deny any liability to Laixion. Defendants also deny all allegations that Laixion is entitled to any relief requested, including those contained in the Prayer for Relief.

## RESPONSE TO LAIXION'S JURY DEMAND

Laixion's demand for a jury trial does not require an admission or denial.

## AFFIRMATIVE DEFENSES

To the extent not expressly admitted above, the factual allegations contained in the FAC are denied. Without altering any applicable burdens of proof, Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE—FAILURE TO STATE A CLAIM

1. The FAC fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE—NON-INFRINGEMENT

2. Defendants have not infringed, and do not infringe, under any theory of infringement, any valid, enforceable claim of the '520 patent, whether directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and are not inducing and have not induced others to infringe the '520 patent.

### THIRD AFFIRMATIVE DEFENSE—INVALIDITY

3. Each and every claim of the Asserted Patent is invalid and unenforceable for failure to satisfy one or more requirements of Title 35 of the United States Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112, non-statutory obviousness-type double patenting and the rules, regulations, and laws pertaining thereto.

### FOURTH AFFIRMATIVE DEFENSE—FAILURE TO MARK

4. Laixion's pre-suit claims for damages are barred, in whole or in part, for failure to comply with 35 U.S.C. § 287.

### FIFTH AFFIRMATIVE DEFENSE—NO INJUNCTIVE RELIEF

5. Laixion's demand to enjoin Defendants is barred, as Laixion has suffered neither harm nor irreparable harm from Defendants' actions.

### SIXTH AFFIRMATIVE DEFENSE—NO EXCEPTIONAL CASE

6. Laixion cannot prove that this is an exceptional case warranting attorneys' fees, costs, or expenses against Defendants under 35 U.S.C. § 285, or pursuant to the Court's inherent power.

### RESERVATION OF RIGHTS

Defendants expressly reserve the right to assert any other legal or equitable defenses to which they are shown to be entitled, including all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses that may now exist or in the future be available based on discovery or further factual investigation in this case.

### DEFENDANTS' COUNTERCLAIMS

For its counterclaims against Plaintiff and Counterclaim-Defendant Laixion, Defendants and Counterclaim-Plaintiffs Meta Platforms, Inc. ("Meta") and Instagram LLC ("Instagram") hereby allege as follows:

### PARTIES

1. Meta Platforms, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business in Menlo Park, California.

2. Instagram LLC is a Delaware limited liability company with its principal place of

business in Menlo Park, California.

## JURISDICTION

3.  These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4.  Laixion has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its FAC.

5.  Based solely on the filing of this action, venue is proper, though not necessarily convenient, in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I – INVALIDITY OF U.S. PATENT NO. 11,516,520

6.  Meta and Instagram incorporate by reference paragraphs 1–5 above.

7.  Based on the filing of this action and at least Defendants and Counterclaim-Plaintiffs' third affirmative defense, an actual controversy has arisen and now exists between the parties as to the validity of the '520 patent.

8.  All asserted claims of the '520 patent are invalid for failure to satisfy the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

9.  Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendants and Counterclaim-Plaintiffs request a declaration by the Court that the claims of the '520 patent are invalid for failure to comply with one or more the conditions of patentability in 35 U.S.C. §§ 101 *et seq.*, including, but not limited to §§ 101, 102, 103, and/or 112.

## COUNT II – NON-INFRINGEMENT OF U.S. PATENT NO. 11,516,520

10. Meta and Instagram incorporate by reference paragraphs 1–9 above.

11. Laixion has alleged that it is the owner of all rights, title, and interest in the '520 patent.

12. A case or controversy exists because Laixion has alleged Counterclaim Plaintiffs infringe one or more claims of the '520 patent, as set forth in Plaintiff's FAC.

13. Meta and Instagram have not infringed, and are not now infringing, any valid and enforceable claim of the '520 patent.

14. Meta and Instagram are entitled to a judgment that Meta and Instagram do not infringe any valid and enforceable claim of the '520 patent.

## DEFENDANTS' DEMAND FOR JURY

Defendants and Counterclaim-Plaintiffs Meta and Instagram demand a jury for all issues triable.

## DEFENDANTS' REQUEST FOR RELIEF

WHEREFORE Defendants and Counterclaim-Plaintiffs Meta and Instagram request relief as follows:

A. A dismissal with prejudice of Laixion's First Amended Complaint against Defendants;

B. A judgment in favor of Defendants denying Laixion any and all relief sought, including injunctive relief;

C. A declaration that Defendants have not infringed any of Laixion's patent rights and are not directly or indirectly infringing any asserted claim of the '520 patent;

D. A declaration that the claims of the '520 patent are invalid and/or unenforceable;

E. A judgment that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding Defendants their fees and expenses of litigation, including, but not limited to, attorneys' fees and costs; and

F.   Such other and further relief as the Court deems just, equitable, and proper.

Dated:  June 14, 2024                                  Respectfully submitted,

**PERKINS COIE LLP**

/s/ Theresa H. Nguyen
Sarah E. Piepmeier, CBN No. 227094
Nathan Sabri (*pro hac vice*)
Elise Edlin (*pro hac vice*)
PERKINS COIE LLP
505 Howard Street, Suite 1000
San Francisco, California 94105-3204

Theresa H. Nguyen, WSBA No. 53296
RNguyen@perkinscoie.com
Dorianne Salmon (*pro hac vice*)
DSalmon@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099

*Attorneys for Defendants*
*Meta Platforms, Inc. and Instagram LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on June 14, 2024 all counsel of record, via the Court's CM/ECF system.

*/s/Theresa H. Nguyen*
Theresa H. Nguyen
