PUBLIC REDACTED VERSION

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

**FILED**

August 13, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ CV _____

DEPUTY

| | |
|---|---|
| LAIXION NETWORK TECHNOLOGY LTD., | |
| Plaintiff, | |
| v. | **CASE NO. 6:24-CV-00148-JKP-DTG** |
| META PLATFORMS INC.; INSTAGRAM LLC, | |
| Defendants. | |

**DEFENDANTS' MOTION TO TRANSFER VENUE TO
THE NORTHERN DISTRICT OF CALIFORNIA**

**PUBLIC REDACTED VERSION**

## TABLE OF CONTENTS

I.    Introduction .................................................................................................. 1

II.   Factual Background ...................................................................................... 1

     A.    Laixion recently filed the operative complaint, and no substantive proceedings have occurred................................................................... 1

     B.    Meta's witnesses and evidence relevant to the accused Instagram Collabs feature are primarily located in or near NDCA. .............................. 2

     C.    Relevant prior-art witnesses live in NDCA. .................................... 3

     D.    Laixion and the asserted patent have no connection to WDTX. .................. 4

III.  Legal Standard............................................................................................ 5

IV.  The Northern District of California clearly is the more convenient venue. ............ 6

     A.    This action could have been brought in NDCA. ............................................ 6

     B.    The private factors strongly favor transfer to the  Northern District of California. ................................................................................... 6

          1.    Witnesses could attend trial more easily and bear fewer costs in NDCA than in WDTX. .............................................. 6

          2.    Non-party witnesses, including knowledgeable prior art witnesses, are based in Northern California and could not be compelled to testify in Waco. ................................................ 9

          3.    The sources of proof were primarily generated and maintained in NDCA. ......................................................... 10

          4.    Practical issues of litigation favor transfer. ....................................... 13

     C.    The public factors favor transfer or are neutral............................................ 13

          1.    NDCA has a much greater interest in resolving this case. .............. 13

          2.    Court congestion is neutral................................................................. 14

          3.    Familiarity of the forum with the law and conflicts of foreign law are neutral................................................................. 15

V.   Conclusion ................................................................................................ 16

<span style="color:red">PUBLIC REDACTED VERSION</span>

## TABLE OF AUTHORITIES

<u>**CASES**</u>

*Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*,
   No. 1:23-CV-1143 (W.D. Tex. July 10, 2024), ECF No. 66 ................................................18

*DataQuill, Ltd. v. Apple Inc.*,
   No. A-13-CA-706, 2014 WL 2722201 (W.D. Tex. June 13, 2014) ....................................17

*Def. Distributed v. Bruck*,
   30 F.4th 414 (5th Cir. 2022) ..............................................................................................16

*In re Apple, Inc.*,
   581 F. App'x 886 (Fed. Cir. 2014) .....................................................................................11

*In re Apple Inc.*,
   979 F.3d 1332 (Fed. Cir. 2020) ...................................................................................passim

*In re Apple Inc.*,
   No. 2021-181, 2021 WL 5291804 (Fed. Cir. Nov. 15, 2021).............................................18

*In re Genentech, Inc.*,
   566 F.3d 1338 (Fed. Cir. 2009) ......................................................................................8, 18

*In re Google*,
   58 F.4th 1379 (Fed. Cir. 2023) .....................................................................................12, 18

*In re Google LLC*,
   No. 2021-178, 2021 WL 5292267 (Fed. Cir. Nov. 15, 2021)...................................1, 13, 18

*In re Google*,
   No. 2021-170, 2021 WL 4427899 (Fed. Cir. Sept. 27, 2021)..........................................8, 10

*In re Hulu, LLC*,
   No. 2021-142, 2021 WL 3278194 (Fed. Cir. 2021) ......................................................11, 19

*In re Juniper Networks, Inc.*,
   14 F.4th 1313 (Fed. Cir. 2021) (per curiam)................................................................18, 19

*In re Morgan Stanley*,
   417 F. App'x 947 (Fed. Cir. 2011) (per curiam) ...............................................................13

PUBLIC REDACTED VERSION

*In re Nintendo Co.*,
    589 F.3d 1194 (Fed. Cir. 2009) ................................................................................7

*In re Radmax*,
    720 F.3d 285 (5th Cir. 2013) .................................................................................14

*In re Samsung Elecs. Co., Ltd.*,
    No. 2023-146, 2023 WL 8642711 (Fed. Cir. Dec. 14, 2023)................................9

*In re TikTok, Inc.*,
    85 F.4th 352 (5th Cir. 2023) ........................................................................ passim

*In re TracFone Wireless, Inc.*,
    852 F. App'x 537 (Fed. Cir. 2021) .......................................................................11

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2009) .......................................................................8, 19

*In re Volkswagen of Am., Inc.*,
    545 F.3d 304 (5th Cir. 2008) ....................................................................... passim

*Jones v. Angelo State Univ.*,
    No. A-09-CA-652, 2009 WL 10699928 (W.D. Tex. Oct. 19, 2009) ...................16

*Media Chain, LLC v. Roku, Inc.*,
    No. 1:21-CV-27, 2021 WL 5994809 (W.D. Tex. Dec. 7, 2021) .............14, 16, 17

*Mobile Data Techs. LLC v. Meta Platforms, Inc.*,
    No. 7:22-CV-00244, 2023 WL 9051280 (W.D. Tex. Dec. 18, 2023) ..................14

*Parus Holdings Inc. v. LG Elecs. Inc.*,
    No. 6:19-cv-00432, 2020 WL 4905809 (W.D. Tex. Aug. 20, 2020) .....................7

*Safecast Ltd. v. Google LLC*,
    No. W-22-CV-00678, 2023 WL 4277349 (W.D. Tex. June 28, 2023)................14

*Umbra Techs. Ltd. v. VMware, Inc.*,
    No. 1:23-CV-904, 2024 WL 1123592 (W.D. Tex. Mar. 13, 2024)......................17

*Universal Connectivity Techs. Inc. v. HP Inc.*,
    No. 1:23-CV-1177, 2024 WL 3305724 (W.D. Tex. July 3, 2024) .......................18

*VoIP-Pal.com, Inc. v. Google LLC*,
    No. 6:21-cv-00667, 2022 WL 2068254 (W.D. Tex. June 8, 2022)....................15, 17, 18, 19

**PUBLIC REDACTED VERSION**

*VoIP-Pal.com, Inc. v. Meta Platforms, Inc.,*
    No. 6:21-CV-00665, 2022 WL 2110696 (W.D. Tex. May 31, 2022) ....................................8

**STATUTES**

28 U.S.C. § 1400 ...................................................................................................................8

28 U.S.C. § 1404 ...........................................................................................................6, 7, 8

**PUBLIC REDACTED VERSION**

**TABLE OF TRANSFER FACTORS**

| Factor | Weight |
|---|---|
| **Private Factors** | |
| Relative ease of access to sources of proof | Strongly favors transfer |
| Availability of compulsory process to secure the attendance of witnesses | Strongly favors transfer |
| Cost of attendance for willing witnesses | Strongly favors transfer |
| All other practical problems that make trial of a case easy, expeditious, and inexpensive | Favors transfer |
| **Public Factors** | |
| Administrative difficulties flowing from court congestion | Slightly favors transfer or neutral |
| Local interests in having this case decided at home | Strongly favors transfer |
| Familiarity of the form with the law that will govern the case | Neutral |
| Avoidance of unnecessary problems of conflict of laws or the application of foreign law | Neutral |

PUBLIC REDACTED VERSION

## I.     Introduction

This case could and should have been brought in the Northern District of California ("NDCA"). Defendants Meta Platforms, Inc. ("Meta") and Instagram LLC ("Instagram") are headquartered there, most of the likely witnesses and document custodians reside there, and third-party developers of prior art systems and methods are located there. In contrast, this case has no connection to Waco or any other location in the Western District of Texas ("WDTX"). Plaintiff Laixion Network Technology Ltd. ("Laixion") is based in Taipei, Taiwan, where its CEO and the sole named inventor on the asserted patent also resides. Defendants are not aware of any likely witnesses or evidence located in WDTX, and none of the events leading to the action arose in WDTX. Because neither the asserted patent nor the accused functionalities have any connection to WDTX, and the majority of the evidence and witnesses is in NDCA, NDCA is clearly the more convenient venue. *See In re Google LLC*, No. 2021-178, 2021 WL 5292267, at *2 (Fed. Cir. Nov. 15, 2021).

Accordingly, for the convenience of the parties and witnesses, Meta and Instagram respectfully request that this case be transferred to NDCA.

## II.    Factual Background

### A.    Laixion recently filed the operative complaint, and no substantive proceedings have occurred.

Laixion filed its Amended Complaint on May 31, 2024, asserting that Meta and Instagram infringe U.S. Patent No. 11,516,520 ("the '520 patent"). (ECF No. 19, ¶ 1.) Laixion alleges that the Instagram social media website and mobile application practice the methods of the '520 patent through the Instagram Collabs feature that allows users to create and share collaborative posts. (*Id.* ¶¶ 18–19, 32–33.)

The parties submitted a joint scheduling order proposal on July 8, 2024. (ECF No. 22.) The Court has yet to hold an initial case management conference or enter a scheduling order. Fact discovery has not opened, and no discovery has taken place. Laixion did not serve its preliminary infringement contentions and initial document production by

the July 25, 2024 deadline to which the parties had agreed (*id.*) and has not served those contentions and that document production as of the date of this Motion. (Declaration of Theresa H. Nguyen in Support of Defendants' Motion to Transfer Venue ("Nguyen Decl.") ¶ 4, Ex. 1.) Nor has Laixion explained its failure to do so. (*Id.*) There are no dates scheduled for a Markman hearing or for trial.

**B.      Meta's witnesses and evidence relevant to the accused Instagram Collabs feature are primarily located in or near NDCA.**

Meta and Instagram are both headquartered in Menlo Park in the Northern District of California. (Declaration of Richmond Watkins in Support of Defendants' Motion to Transfer Venue ("Watkins Decl.") ¶ 12.)

The bulk of the engineering team that is responsible for development and support of the accused Instagram Collabs feature is based in or near NDCA.



-2-

PUBLIC REDACTED VERSION



(*Id*. ¶ 8.)

(*Id*.)

Documents concerning the design, development, and operation of the accused features (including source code), as well as any finance documentation, were primarily created and are maintained in Meta's and Instagram's Northern California and New York City offices, from which nearly all of the engineers and other employees responsible for Instagram Collabs work. (*Id*. ¶¶ 6–8, 10, 12–14.)



(*Id*. ¶ 13.)

(*Id*.) No members of the team are located in WDTX. (*Id*.)

In contrast, no Meta or Instagram employees that work on the accused functionalities live or work in Waco or anywhere else in WDTX. (*See id*. ¶ 10.) Defendants are unaware of any physical evidence or other sources of proof in WDTX. (See *id*. ¶ 14.)

## C.   Relevant prior-art witnesses live in NDCA.

Significant prior-art witnesses and evidence are located in NDCA. For example, Slack Technologies, LLC ("Slack"), headquartered in San Francisco, California, developed and released Slack Shared Channels before the earliest priority date of the asserted patent. (Nguyen Decl. ¶ 5, Exs. 2–3.) Slack Shared Channels "allows Slack teams in different organizations to use Slack to collaborate together" including by "shar[ing] updates and files." (*Id*. Ex. 3) Tess Rosania, who was previously a Senior Director of Product at Slack and led the product group responsible for Slack Shared Channels, appears to live in San Francisco. (*Id*. Ex. 4.) In addition, YouTube, which is located in San Bruno, California in the NDCA, included collaborative playlists in its products before the asserted patent and will likely be an important source of prior art evidence. (*Id*. ¶ 6, Ex. 5.)

PUBLIC REDACTED VERSION

Several inventors of patents and patent applications that are prior art to the asserted patent also reside in NDCA. Alex Douglas Cornell was the lead inventor on U.S. Patent No. 10,674,187, a patent that appears to be relevant prior art to the asserted patent. (Nguyen Decl. ¶ 7, Ex. 6.) █████████████████████████████ ████████████████████ (Watkins Decl. ¶ 15.) Holly Marie Ormseth was the lead inventor on U.S. Patent No. 10,616,288, another patent that appears to be relevant prior art to the asserted patent. (Nguyen Decl. ¶ 8, Ex. 7.) ████████████ ███████████████████████████ (Watkins Decl. ¶ 15.) Deb Banerjee is the sole inventor on U.S. Patent No. 8,930,462 filed by Symantec Corporation, which also appears to be relevant prior art to the asserted patent. (Nguyen Decl. ¶ 9, Ex. 8.) Mr. Banerjee appears to live in Cupertino, California, in NDCA. (*Id.*, Ex. 9.) Christine Choi, Nathan Sharp, William Bailey, Ashoke Chakrabarti, Joshua Dickens, Joy-Vincent Niemantsverdriet are named inventors on International Patent Application WO 2018/026394, which appears to be relevant prior art to the asserted patent. (*Id.* ¶ 10, Ex. 10.) ██████████ ████████████████████████████ (Watkins Decl. ¶ 15.) Four other named inventors no longer work for Meta or Instagram but remain in NDCA (the fifth is deceased). (Nguyen Decl. ¶¶ 10–11, Exs. 11–14.)

The above are potential sources of prior art that would be explored through party (for current Meta employees) or third-party (for all others) discovery, located in NDCA. Defendants are unaware of any third-party prior art witnesses located in WDTX.

### D.    Laixion and the asserted patent have no connection to WDTX.

Laixion is a foreign corporation located in Taipei City, Taiwan. (ECF No. 19, ¶ 5.) The Founder and CEO of Laixion, Yang Lee, is also based in Taipei City, Taiwan. (Nguyen Decl. ¶ 13, Ex. 15 at 8). According to its website, Laixion "is a software technology research and development company" that provides "'data sharing system development' and 'multi-national patented technology' services." (*Id.* Ex. 15 at 2.) Laixion appears to have developed a social media application called Groutag. (*Id.* Ex. 16 at 2.) Shu-Yu (Peter)

PUBLIC REDACTED VERSION

Li worked on the Groutag product at Laixion in 2018 and 2019, and Mr. Li appears to now reside in Goleta, California. (*Id*. Ex. 16 at 1–2.) Laixion filed the application that led to the '520 patent in September 2020. (ECF No. 19-1.) The '520 patent names Mr. Lee as its sole inventor. (*Id*.)

In the Amended Complaint, Taipei-based Laixion pleads no facts suggesting it has any connection at all to WDTX. (ECF No. 19, ¶ 5.)

## III.   Legal Standard

The Court may transfer any action to any district or division where it might have been brought if that transfer serves "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a). Whether to transfer venue is a preliminary issue that must be addressed at the outset of a federal action, and "disposing of that motion should unquestionably take top priority." *In re Apple Inc.*, 979 F.3d 1332, 1337 (Fed. Cir. 2020). The threshold "question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). Assuming so, courts must then consider whether the "private" and "public" factors favor transfer. *Id.* at 315. The private factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive," and the public factors are "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflicts of laws [or in] the application of foreign law." *Id.* (citations omitted).

If the proposed transferee forum is "clearly more convenient," then there is "good cause and the district court should therefore grant the transfer." *Id.* The "plaintiff's choice of venue is not an independent factor in the venue transfer analysis"; rather, the good-

cause requirement reflects the appropriate deference to that choice. *Parus Holdings Inc. v. LG Elecs. Inc.*, No. 6:19-cv-00432, 2020 WL 4905809, at *2 (W.D. Tex. Aug. 20, 2020); *see also Volkswagen II*, 545 F.3d at 314–15; *In re Nintendo Co.*, 589 F.3d 1194, 1200 (Fed. Cir. 2009). "No factor is of dispositive weight," and the Fifth Circuit "ha[s] found an abuse of discretion even where a majority of factors are neutral." *In re TikTok, Inc.*, 85 F.4th 352, 358, 367 (5th Cir. 2023) (granting mandamus when two factors favored transfer and the rest were neutral).

**IV.   The Northern District of California clearly is the more convenient venue.**

    **A.   This action could have been brought in NDCA.**

There is no question that this action could have been filed in NDCA, where Meta and Instagram are both headquartered. (Watkins Decl. ¶ 11). Meta and Instagram would be subject to personal jurisdiction in NDCA, and venue would also be proper there. *See* 28 U.S.C. § 1400(b); *see also VoIP-Pal.com, Inc. v. Meta Platforms, Inc.*, No. 6:21-CV-00665, 2022 WL 2110696, at *2 (W.D. Tex. May 31, 2022) (case could have been brought in NDCA where Defendants are "headquartered in the NDCA and sold the accused products within that district as well."). Because the case could have been filed in NDCA, the analysis proceeds to the private and public interest factors, all of which either substantially favor transfer or are neutral.

    **B.   The private factors strongly favor transfer to the Northern District of California.**

        **1.   Witnesses could attend trial more easily and bear fewer costs in NDCA than in WDTX.**

"The most important factor in the transfer analysis is witness convenience." *VoIP-Pal*, 2022 WL 2110696, at *5; *see In re Genentech, Inc.*, 566 F.3d 1338, 1342 (Fed. Cir. 2009). This factor strongly favors transfer because most of the relevant witnesses are in or near to NDCA, and none are in WDTX. *See In re Google*, No. 2021-170, 2021 WL 4427899, *4 (Fed. Cir. Sept. 27, 2021) ("[W]here 'a substantial number of material witnesses reside within the transferee venue . . . and no witnesses reside within the' transferor venue, a

district court 'clearly err[s] in not determining' the convenience of willing witnesses 'to weigh substantially in favor of transfer.'") (citing *Genentech*, 566 F.3d at 1345). The Fifth Circuit uses a "100-mile threshold" to assess this factor. *TikTok*, 85 F.4th at 362; *see also In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2009) (applying the 100-mile rule). "When the distance between an existing venue for trial . . . and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to the witnesses increases in direct relationship to the additional distance to be traveled." *TikTok*, 85 F.4th at 361. This is an "obvious conclusion" because "it is more convenient for witnesses to testify at home," and "additional distance means additional travel time . . . meal and lodging expenses" and increased "personal costs associated with being away from work, family, and community." *Id.* (quoting *Volkswagen II*, 545 F.3d at 317).

Key witnesses on the design, development, functionality, and usage of the accused Instagram Collabs feature live in NDCA, ███████████████████████████████ ██████████████████████████████. (Watkins Decl. ¶¶ 4, 6, 8.) ████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████ (*Id.* ¶ 7.) ████████████████████████████████████████████████ (*Id.* ¶ 8.) A substantial number of Defendants' critical prior-art witnesses also live in NDCA, ████████████████ ██████████████████████████████ (*Id.* ¶ 19; Nguyen Decl. ¶ 9.) The NDCA-based witnesses would find it much more convenient to testify at home in NDCA than in Waco, Texas, which is nearly 1,500 miles away and would require overnight travel and associated expenses, and the other West Coast-based witnesses would also encounter substantially reduced travel times in both directions. (Nguyen Decl. Exs. 17–21.)

For ████████████████████████ prior-art witness William Bailey, NDCA would also be clearly more convenient than WDTX. *See TikTok*, 85 F.4th at 361 (explaining that for witnesses located in China "it is indisputable that the Northern District of

California is clearly more convenient . . . than the Western District of Texas"); *see also In re Samsung Elecs. Co., Ltd.*, No. 2023-146, 2023 WL 8642711, at *2 (Fed. Cir. Dec. 14, 2023). Likewise, NDCA would be clearly more convenient for Laixion's witnesses. Laixion's offices are located in Taipei, Taiwan, and Laixion's employees providing testimony regarding conception, reduction to practice, and any products that purportedly practice the claims of the asserted patent, including Yang Lee, Laixion's Founder and CEO and the sole named inventor of the asserted patent, are based in Taiwan and would be substantially less burdened by travel to NDCA than to Waco, Texas. (Nguyen Decl. ¶ 13, Exs. 19, 22–23 (reflecting at least seven hours of additional travel time each way from Taipei to Waco, compared to Taipei to San Francisco.) *See TikTok*, 85 F.4th at 361.

For those non-West Coast witnesses based outside of Texas, ███████████████ ████████████████████████████████████████ these witnesses would experience similar travel times to either venue. (Nguyen Decl. Exs. 19, 24–27.) They are therefore neutral to the transfer analysis. *See In re Google*, 2021 WL 4427899, at *4 (witnesses in the northeastern United States would have similar burden to travel to NDCA as to Waco).

The chart below summarizes the locations of the relevant willing witnesses. For this and other summary charts in this brief, green represents locations in or more convenient to NDCA than WDTX and favoring transfer, red represents locations in or more convenient to WDTX than to NDCA and weighing against transfer, and yellow indicates locations neutral to the transfer analysis.

### Willing-Witness Locations

| Relevant Witness | Responsibility | Location |
|---|---|---|
| Meta | Defendant—Headquarters | NDCA |
| Instagram | Defendant—Headquarters | NDCA |
| Laixion | Plaintiff—Headquarters | Taiwan |
| Yang Lee | Inventor of Patent-in-Suit and Laixion CEO | Taiwan |
| ████████ | ████████████████ | NDCA |
| ████████ | ████████████████ | NDCA |

| | | Los Angeles, CA |
|---|---|---|
| ███ | ███████ | NYC |
| ███ | ███████ | Denver, CO |
| Holly Ormseth | Prior Art Inventor of U.S. Patent Nos. 10,674,187 and 10,616,288 to Meta | NDCA |
| Alex Cornell | Prior Art Inventor of U.S. Patent No. 10,674,187 to Meta | NDCA |
| William Bailey | Prior Art Inventor of WO 2018/026394 to Facebook | Japan |

The convenience of witnesses strongly favors transferring this case to NDCA, a more accessible venue that will place minimal burden on the witnesses. *See In re TracFone Wireless, Inc.*, 852 F. App'x 537, 539 (Fed. Cir. 2021) (willing witnesses factor favors transfer where "several of [defendant's] likely employee witnesses [are] residing in the transferee venue"); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at *4 (Fed. Cir. 2021).

> ## 2. Non-party witnesses, including knowledgeable prior art witnesses, are based in Northern California and could not be compelled to testify in Waco.

The availability of compulsory process factor "weigh[s] heavily in favor of transfer" because here nearly all non-party witnesses "reside within the transferee venue" and none "reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014); *see also In re Google*, 58 F.4th 1379, 1385 (Fed. Cir. 2023) ("The district court correctly recognized that the 'availability of compulsory process to secure the attendance of witnesses' favors transfer, as the Northern District could compel multiple potential witnesses to appear at trial while no likely non-party witnesses have been identified whom the Western District has authority to compel."); *Volkswagen II*, 545 F.3d at 316.

Several non-party prior art witnesses live in NDCA. Employees of Slack Technologies, headquartered in NDCA, and Tess Rosania, who appears to live in San Francisco, will be sources of prior art testimony related to the Slack Shared Channels feature. (Nguyen Decl. ¶ 5; Exs. 2–4.) Employees of YouTube, also located in NDCA, will likewise be

important sources of prior art testimony related to the YouTube Collaborative Playlists feature. (*Id.* ¶ 6; Ex. 5.) Witnesses <u>Deb Banerjee</u>, <u>Christine Choi</u>, <u>Nathan Sharp</u>, <u>Ashoke Chakrabarti</u>, and <u>Joshua Dickens</u> live in the NDCA and would have relevant and material testimony related to systems and methods that are prior art to the asserted patent. (*Id.* ¶¶ 9–10; Exs. 8–14.) Meta currently intends to depose witnesses regarding this prior art, and would call at least some of them to testify should this case proceed to trial. (*Id.* ¶ 12.)

### Non-Party Witness Locations

| Relevant Witness | Role | Location |
|---|---|---|
| Slack Technologies | Prior Art Developer of Slack Shared Channels | NDCA |
| Tess Rosania | Sr. Dir. of Product at Slack, led group responsible for Slack Shared Channels | NDCA |
| YouTube | Prior Art Developer of YouTube Collaborative Playlists | NDCA |
| Christine Choi | Prior Art Inventors of WO 2018/026394 to Facebook | NDCA |
| Nathan Sharp | | NDCA |
| Ashoke Chakrabarti | | NDCA |
| Joshua Dickens | | NDCA |
| Deb Banerjee | Prior Art Inventor of U.S. Patent No. 8,930,462 to Symantec | NDCA |

Because these individuals would be subject to the subpoena power of the Northern District of California—but not that of WDTX—and no relevant non-party witnesses have been identified in WDTX, this factor strongly favors transfer.

**3.    The sources of proof were primarily generated and maintained in NDCA.**

The access to sources of proof factor strongly favors transfer because the witnesses, document custodians, and evidence are in NDCA, not WDTX. This factor favors transfer where "the location of relevant documents and information," including the headquarters of the respective parties, are "in or close by the transferee venue." *In re Morgan Stanley,* 417 F. App'x 947, 948 (Fed. Cir. 2011) (per curiam).

As described above, nearly all the witnesses are located in or near NDCA, where the accused products and prior art were developed and are maintained. These witnesses will provide testimony and documentary evidence because they created and have maintained the relevant documents and source code. (Watkins Decl. ¶¶ 6–8, 12.) ███████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████ (*Id.* ¶ 13.) Because these document custodians are located in or near NDCA, making documentary evidence more easily accessible from NDCA, this factor weighs heavily in favor of transfer. *See In re Google LLC, 2021 WL 5292267*, at *2 (directing courts to consider the location of "document custodians" and "where documents are created and maintained, which may bear on the ease of retrieval"); *Safecast Ltd. v. Google LLC*, No. W-22-CV-00678, 2023 WL 4277349, at *3 (W.D. Tex. June 28, 2023) (document custodians located in NDCA favored transfer); *see Mobile Data Techs. LLC v. Meta Platforms, Inc.*, No. 7:22-CV-00244, 2023 WL 9051280, at *2 (W.D. Tex. Dec. 18, 2023) (sources of proof favored transfer because document custodians and source code control team were located in NDCA); *cf. In re Apple Inc.*, 979 F.3d 1332, 1340 (Fed. Cir. 2020) (Because "the bulk of the relevant evidence usually comes from the accused infringer" in patent infringement cases, "the place where the defendant's documents are kept weighs in favor of transfer to that location.").

Documents regarding conception, reduction to practice, and any products that purportedly practice the asserted patent would have been created and are likely currently maintained by inventor Yang Lee in Taiwan and/or other Laixion employees in Taiwan. Laixion's only offices are in Taiwan, and there is no reason why Laixion would have any sources of sources of proof in WDTX. (Nguyen Decl. Ex. 15.) Thus, Laixion's sources of proof are nearer to and more accessible from NDCA than WDTX.

By contrast, Defendants are not aware of any potential sources of proof in WDTX. And regardless of sources of proof that may exist in locations distant from either venue, it is "*relative* ease of access, not *absolute* ease of access" that matters. *TikTok*, 85 F.4th at 358

(quoting *In re Radmax*, 720 F.3d 285, 288 (5th Cir. 2013)). "That means this factor weighs in favor of transfer where the current district lacks any evidence relating to the case." *TikTok*, 85 F.4th at 358; *see also, e.g., Media Chain, LLC v. Roku, Inc.*, No. 1:21-CV-27, 2021 WL 5994809, at *2 (W.D. Tex. Dec. 7, 2021) (this factor favors transfer where neither plaintiff nor the inventor of the asserted patents is based in Texas and the relevant documents are maintained in California). That is the case here. None of the employees who have designed, developed, or maintained Instagram Collabs live in WDTX, and no Meta or Instagram document custodians that created or maintain documents relevant to this action are in WDTX. *See VoIP-Pal.com, Inc. v. Google LLC*, No. 6:21-cv-00667, 2022 WL 2068254, at *3 (W.D. Tex. June 8, 2022).

## Locations of Sources of Proof

| Source | Role / Type of Proof | Location | |
|---|---|---|---|
| Meta | Defendant — Headquarters | NDCA | |
| Instagram | Defendant — Headquarters | NDCA | |
| Defs.' Witnesses and Document Custodians | Documents and testimony regarding design, development, maintenance, and usage of Instagram Collabs | NDCA | |
| | | Los Angeles, CA | |
| | | Seattle, WA | |
| | | NYC | |
| ████████████ | ██████████████████ | NDCA | WA |
| | | | UK |
| Laixion | Plaintiff — Headquarters | Taiwan | |
| Yang Lee | Documents and testimony regarding conception, reduction to practice, and any commercialization of the patent-in-suit | Taiwan | |
| Slack Technologies | Documents and testimony regarding design and development of Slack Shared Channels | NDCA | |
| YouTube | Documents and testimony regarding design and development of YouTube Collaborative Playlists | NDCA | |
| Prior Art Witnesses and Document Custodians | Documents and testimony regarding design and development of prior art | NDCA | |

Accordingly, this factor weighs heavily in favor of transfer.

4.      **Practical issues of litigation favor transfer.**

This factor, which considers "practical problems that make a trial of a case easy, expeditious and inexpensive," *In re Apple*, 979 F.3d at 1342, weigh in favor of transfer. Meta and Instagram are headquartered in NDCA where the facts of this case took place, making it "much more likely a transfer would eventually minimize the inconvenience to all involved." *Jones v. Angelo State Univ.*, No. A-09-CA-652, 2009 WL 10699928, at *6 (W.D. Tex. Oct. 19, 2009). As discussed above, witnesses from both parties are located in or closer to NDCA, and thus, transferring this action to NDCA will minimize problems and costs associated with travel.

The very early stage of this case also favor transfer. *See Media Chain*, 2021 WL 5994809, at *3 ("[T]he fact that this case has not progressed to claims construction and is therefore in its early stages weighs in favor of transfer."). Laixion filed its Amended Complaint only a few months ago. Laixion's failure to serve its preliminary infringement contentions and initial document production on the agreed deadline, or any time in the two weeks since that deadline and the date of this motion, indicates that Laixion sees no urgency in pursuing its claims in this Court.

Apart from the present motion to transfer, there has been no motion practice. No trial date is set. There are also no co-pending litigations in WDTX.

This factor favors transfer to NDCA.

C.      **The public factors favor transfer or are neutral.**

1.      **NDCA has a much greater interest in resolving this case.**

The local interest factor strongly favors transfer because NDCA is where Meta and Instagram are headquartered, and it is the substantive locus of this patent infringement dispute. *Def. Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022); *In re Apple*, 979 F.3d at 1345 (explaining that the local-interest factor considers "the significant connections between a particular venue and *the events that gave rise to a suit*.") (emphasis in original) (internal citations omitted). Because "the Court looks to the events that give rise to this

lawsuit . . . . [in patent cases] the Court properly looks to the location where [the defend-ant's] accused technology was developed." _VoIP-Pal.com_, 2022 WL 2068254, at *8. NDCA is one of the key locations where Meta's and Instagram's engineers designed, developed, and maintain the accused Collabs feature. _See also In re Apple_, 979 F.3d at 1345 (favoring the transferee forum where "the accused products were designed, developed, and tested in NDCA").

WDTX, on the other hand, has no substantial local interest in this action. _See Volkswagen II_, 545 F.3d at 317–18 (local interest factor favored transfer where there was "no relevant factual connection" to the transferor division). Laixion itself is located in Taiwan, and its decision to file in WDTX does not give rise to a localized interest here. _Media Chain_, 2021 WL 5994809, at *3 ("[W]here the plaintiff has virtually no connection to the chosen forum, a plaintiff's choice is entitled to little deference."). That Meta has an Austin office does not change the analysis. The "mere presence" of a party's personnel or facilities in a venue, when those personnel or facilities have nothing to do with the case, "does not create a local interest." _DataQuill, Ltd. v. Apple Inc._, No. A-13-CA-706, 2014 WL 2722201, at *4 (W.D. Tex. June 13, 2014). None of the relevant witnesses, evidence, claims, or defenses has any connection to Meta's Austin office.

There can be no reasonable dispute that NDCA has a stronger local interest in the adjudication of this case than WDTX. _See, e.g., Umbra Techs. Ltd. v. VMware, Inc._, No. 1:23-CV-904, 2024 WL 1123592, at *5 (W.D. Tex. Mar. 13, 2024) (local interest strongly favored transfer where defendant was headquartered in NDCA, accused technologies "were mainly designed and developed in the NDCA or abroad," and plaintiff had no connection to WDTX). This factor thus strongly favors transfer to NDCA.

### 2. Court congestion is neutral.

The court congestion factor concerns "whether there is an appreciable difference in docket congestion between the two forums." _VoIP-Pal.com, Inc._, 2022 WL 2068254, at *7. The Federal Circuit has ruled that this factor is afforded the least weight because it

"appears to be the most speculative" factor. *In re Genentech*, 566 F.3d at 1347; *In re Google LLC*, 2021 WL 5292267, at *3.

The Federal Circuit has "recently 'noted that "the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics.'" Order, *Anonymous Media Rsch. Holdings, LLC v. Roku, Inc.*, No. 1:23-CV-1143, at 12 (W.D. Tex. July 10, 2024), ECF No. 66 (quoting *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *4 (Fed. Cir. Nov. 15, 2021)); *Universal Connectivity Techs. Inc. v. HP Inc.*, No. 1:23-CV-1177, 2024 WL 3305724, at *6 (W.D. Tex. July 3, 2024) (same); *see also In re Juniper Networks, Inc.*, 14 F.4th 1313, 1322 (Fed. Cir. 2021) (per curiam). Additionally, Laixion "is not engaged in product competition in the marketplace and is not threatened in the market in a way that, in other patent cases, might add urgency to case resolution and give some significance to [any] time-to-trial difference." *In re Google LLC*, 58 F.4th at 1383 (finding court congestion factor neutral).

Accordingly, because the court congestion metrics for the two districts are fairly similar, this factor is neutral. *See In re Hulu*, 2021 WL 3278194, at *5 ("[C]onsidering the close similarity of cases per judgeship and average time to trial of the two forums, and disregarding the particular district court's ability to push an aggressive trial date, this factor is neutral.").

### 3. Familiarity of the forum with the law and conflicts of foreign law are neutral.

Both NDCA and WDTX are familiar with and will apply the relevant federal law, including patent law. *See TS Tech USA*, 551 F.3d at 1320 ("[P]atent claims are governed by federal law, and as such both [courts are] capable of applying patent law to infringement claims.") (internal quotation marks and citation omitted). No issues pertaining to conflicts of law or the application of foreign law apply here. These factors are thus neutral. *See VoIP-Pal.com*, 2022 WL 2068254, at *9.

## V.     Conclusion

Where "the most important factors bearing on the transfer decision" weigh in favor of transfer, transfer is appropriate. *In re Juniper Networks*, 14 F.4th at 1323 (granting transfer where cost of attendance for willing witnesses, relative ease of access to sources of proof and the local interest factors favor transfer); *see also VoIP-Pal.com*, 2022 WL 2068254, at * 9 (granting transfer where "sources of proof and convenience of willing witnesses favor[] transfer," compulsory process factor "slightly weighs against transfer," and the remaining factors cancel each other out or are neutral). Here, the private interest factors strongly favor transfer to NDCA, and the public interest factors likewise favor transfer or are neutral. Accordingly, Meta and Instagram respectfully request that the Court transfer this action to NDCA because it is clearly the more convenient forum.

Dated:  August 9, 2024

Respectfully submitted,

/s/ Theresa H. Nguyen

Sarah E. Piepmeier, CA Bar No. 227094
Nathan Sabri (*pro hac vice*)
Elise Edlin (*pro hac vice*)
**PERKINS COIE LLP**
505 Howard Street, Suite 1000
San Francisco, California 94105-3204

Theresa H. Nguyen, WSBA No. 53296
RNguyen@perkinscoie.com
**PERKINS COIE LLP**
1201 Third Avenue, Suite 4900
Seattle, Washington 98101-3099

*Attorneys for Defendants*
*Meta Platforms, Inc. and Instagram LLC*

**PUBLIC REDACTED VERSION**

<u>**CERTIFICATE OF CONFERENCE**</u>

Pursuant to per W.D. Tex. Civ. R. 7(g), I certify that on June 20, 2024 and July 8, 2024, by telephone conference, I conferred with Huan-Yi Lin of LexNovia, counsel for Plaintiff Laixion Network Technology, Ltd. ("Laixion") regarding the relief sought in Defendants' Motion to Transfer Venue. No agreement could be reached.

*/s/ Nathan Sabri*                
Nathan Sabri

PUBLIC REDACTED VERSION

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served August 9, 2024 to all counsel of record, via the Court's CM/ECF system., and email electronic mail (email).

*/s/Theresa H. Nguyen*
Theresa H. Nguyen
